*Twenty-first Judicial District.*

## In the Common Pleas of Schuylkill County.
### (*In Equity.*)

## RAUB *v.* TAMANY, *et al.*

The erection of a blacksmith shop in a town, or city, is not a nuisance *per se.*

Opinion delivered May 27, 1872, by

WALKER, J.   This is an application for a special injunction to restrain the defendants from erecting a smith shop, on the rear end of Hugh Tamany's lot of ground fronting on Pine street—one of the most public streets in the borough of Tamaqua—extending to Mauch Chunk street and adjoining the premises of the complainant, for the reason that the use of the shop, for the purposes intended, would constitute a nuisance, by the noise, dust and smoke, and that great injury and damage would be done to the complainant's business and property.

It has been decided that a smith shop is not a nuisance *per se*—such as bone-boiling and horse-boiling establishments, a swine yard and pig-stye, and like establishments, the erection of which courts of equity are invested with power to restrain.

But it is contended that a smith shop *may* become a nuisance in a town, or city, by reason of smoke, dust and noise, rendering the locality unpleasant and injurious to persons residing there.

Should it become a nuisance, the complainant has his remedy. But until the mischief happens, equity will not relieve, for the reason that there is nothing to relieve in the present case, and it is no ground for an injunction, that there may be damage or inconvenience.

Even if there be inconvenience, no *irreparable injuries* would be likely to ensue, which is the foundation for intervention by special injunction.

Hilliard on Injunctions, 270, 271 and 272 ; New Boston Coal Co. *v.* Pottsville Water Co.   4 P. F. S., 164.

As a general rule, mischief, or damage, which is susceptible of compensation in damages, is not irreparable.   Richard's Appeal, 7 P. F. Smith, 105.

There must be injury and damage both, to justify injunction. Campbell *v.* Scott, 11 Sem., 39.

The principles that govern this case have been decided in Butler *v.* Rogers, 1 Stockton, 487, where there was an effort made to restrain the erection of a blacksmith shop by injunction, which was refused.

The whole matter has been fully and ably reviewed by Thompson, C. J., in Rhoads *v.* Dunbar, 7 P. F. S., 274, and governs this case.

Special injunction dissolved.

*H. B. Greaff*, Esq., for plaintiff; Messrs. *Shindel* and *Ryon*, for defendants.